IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:22-CR-10

ANDREUS SHANNON

**OPINION AND ORDER**

A grand jury charged Andreus Shannon with various crimes involving the enticement and transportation of a minor. In six separate motions, Shannon collectively seeks to dismiss all charges, arguing that the charging statutes are unconstitutional, the indictment is impermissibly vague, and he was prejudiced by the government's three-year delay in seeking indictment. Because the Court concludes these arguments are without merit, the motions to dismiss all will be denied.

**I
Procedural History**

On January 25, 2022, a criminal complaint was filed against Andreus Shannon alleging "Enticement of a Minor," "Transport of a Minor for Illicit Sexual Purpose," "Mann Act violation," "Threatening Interstate Communications - Sextortion," and "Cyberstalking," "[o]n or about the dates(s) of 2011 to 2019." Doc. #1. After Shannon's arrest and detention hearing, United States Magistrate Judge David A. Sanders released Shannon on a $5,000 unsecured bond. Doc. #30.

On February 16, 2022, a grand jury charged Shannon with similar crimes in a six-count indictment. Doc. #32. Specifically:

- Count One charges that from 2011 through March 2014, Shannon "did knowingly transport in interstate commerce an individual who had not attained the age of 18, being V.L., with the intent that V.L. engage in sexual activity with [him], for which sexual activity [he] could be charged with a criminal offense" under Mississippi law, "[i]n violation of Title 18, United States Code, Section 2423(a)." *Id.* at PageID 95.

- Count Two charges that from 2011 through March 2014, Shannon "did knowingly transport in interstate commerce an individual who had not attained the age of 18, being V.L., with the intent that V.L. engage in sexual activity with [him], for which sexual activity [he] could be charged with a criminal offense" under Tennessee law, "[i]n violation of Title 18, United States Code, Section 2423(a)." *Id.* at PageID 95–96.

- Count Three charges that from 2011 through March 2014, Shannon "did knowingly use a facility or means of interstate commerce to persuade, induce, entice, and coerce a minor, V.L., … to engage in sexual activity with [him], for which sexual activity [he] could be charged with a criminal offense" under Mississippi law, in violation of 18 U.S.C. § 2242(b). *Id.* at PageID 96.

- Count Four charges that Shannon, from 2011 through March 2012, "did travel in interstate commerce for the purpose of engaging in any illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), with V.L., a minor between the ages of fourteen (14) and sixteen (16) years of age" in violation of 18 U.S.C. § 2423(b). *Id.*

- Count Five charges that from 2014 through 2018, Shannon violated 18 U.S.C. § 875(d) by transmitting "in interstate commerce via the internet, communications containing threats to injure the reputation [of] V.L" by threatening to distribute "sexually explicit images and videos of V.L. to individuals who knew V.L. and on the internet if V.L. refused to meet [his] demands, including engaging in a sexual relationship with him." *Id.* at PageID 96–97.

- And Count Six charges that from 2014 through 2018, Shannon "did knowingly and intentionally, with intent to harass and intimidate another person, use an electronic communication service to engage in a course of conduct that caused, attempted to cause and would be reasonably expected to cause substantial emotional distress to V.L.," in violation of 18 U.S.C. § 2261A(2)(B). *Id.* at PageID 97.

On November 8, 2022, Shannon filed (1) a motion to dismiss Counts One through Four of the indictment "pursuant to Rule 12(b)(3) and Rule 7(c)(1)," Doc. #72 ("Motion One"); (2) a motion to dismiss Count One, Doc. #74 ("Motion Two"); (3) a motion to dismiss Count Two, Doc. #76 ("Motion Three"); and (4) a motion to dismiss Count Four, Doc. #78 ("Motion Four").[1] The government filed a consolidated response to all the motions. Doc. #80. Shannon did not reply.

---

[1] Shannon initially filed Motion One on November 2, 2022, Doc. #66, but because he attached his memorandum as an exhibit in violation of the Local Rules, he refiled that motion as instructed by the Clerk of Court. The rest of the motions he filed on November 8 were initially filed on November 7, 2022. *See* Docs. #69, #70, #71. For the same

2

On November 27, 2022, Shannon filed (1) a motion to dismiss all counts or, alternatively, "to preclude the Government from introducing any digital evidence into the record," Doc. #81 ("Motion Five"); and (2) a motion to dismiss Counts One through Three, Doc. #83 ("Motion Six"). The government filed a consolidated response. Doc. #87. Shannon did not reply.

A superseding indictment filed December 6, 2022, charges Shannon with the same crimes in the same counts as the original indictment but adds additional information to the first two counts. Doc. #85. Specifically, the superseding indictment clarifies that Count One involves transporting V.L. "from Tennessee to Mississippi" and Count Two involves transporting V.L. "from Mississippi to Tennessee."[2] *Id.* at PageID 403–04.

## II
## Motion One

Shannon "argues that Counts One through Four of the Indictment are in violation of the Commerce Clause because the activities the named statutes seek to criminalize are not a valid exercise of Congress's power." Doc. #73 at PageID 327. He submits that "criminalizing sexual activity with a minor … under the Commerce Clause by alleging the crossing of state lines to engage in such alleged offenses is an overreach of the United States Government into matters more appropriately reserved by the sovereign states" and this "is especially true in light of the 'new era' of interstate Commerce Clause jurisprudence as logically ushered in by the recent Supreme Court ruling in *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022)." *Id.* Shannon further

---

reason the Clerk of Court instructed him to refile Motion One, Shannon refiled them too. Each refiled motion is accompanied by a separately filed memorandum brief. *See* Docs. #73, #75, #77, #79.

[2] Because Shannon's arguments apply with equal force to the original and superseding indictments, except for one instance noted below with respect to Counts One and Two, the Court considers the motions as directed towards both pending indictments. *See United States v. Bredimus*, 234 F. Supp. 2d 639, 651 n.4 (N.D. Tex. 2002) (considering motion to dismiss filed before a superseding indictment "in light of the superseding Indictment" because "the parties' written submissions and issues presented in [the] motion equally appl[ied] to the superseding Indictment"), *aff'd*, 352 F.3d 200 (5th Cir. 2003).

3

argues that the charges against him are unconstitutionally vague because the indictment's allegations that the conduct occurred in "the Northern District of Mississippi and elsewhere" are insufficient to show he traveled in interstate commerce "as no other state is mentioned in terms of a location for any of the alleged offenses."[3] *Id.* at PageID 335. And, according to Shannon, even if the indictment is based on "travel between the Northern District of Mississippi to the State of Tennessee, this type of travel, which may be no more than five minutes over the state border, is not the type of conduct that should be swept into federally regulated activities by claiming such a broad allegation as transportation in interstate commerce."[4] *Id.* at PageID 336.

The government responds that Shannon's Commerce Clause argument as to Counts One through Four, or the "Mann Act" charges, fails because "the Supreme Court has already spoken that the laws codified in Sections 2421 through 2424 do not exceed Congress's authority under the Commerce Clause;" "courts that have considered the constitutionality of the Mann Act in this 'new era' of Commerce Clause jurisprudence have held those statutes are a valid exercise of Congressional power;" and the "*Dobbs* decision is inapposite … and has no import" because it "did not implicate the Commerce Clause, or limit the federal interest in policing the channels of interstate commerce." Doc. #80 at 5–7. With respect to Shannon's argument that the statutes are unconstitutional because they relate to a state issue, the government responds that "the criminal conduct is the use of a channel of interstate commerce to travel or transport a minor with the

---

[3] The superseding indictment addressed this argument by clarifying that Shannon transported V.L. from Mississippi to Tennessee and from Tennessee to Mississippi. *See* Doc. #85 at PageID 403–04.

[4] In his memorandum accompanying Motion One, Shannon requests oral argument, without any explanation why it is needed. Doc. #73 at PageID 336. The Local Rules provide that "[a]ll motions shall be decided by the court without evidentiary hearing or oral argument unless otherwise ordered by the court on its own motion or, in the court's discretion, upon written request of counsel in an easily discernible manner on the face of the *motion* … regarding the need for a hearing or oral argument." U.L. Crim. R. 47(F)(1) (emphasis added). Even if Shannon's request in his memorandum was procedurally proper, the Court finds oral argument unwarranted.

requisite intent to engage in criminal sexual activity," which is "clearly the province of the federal government." *Id.* at 7. The government also argues that "Congress has not limited the time of transport or number of miles necessary to effect federal jurisdiction" and "[t]he only inquiry is whether channels of interstate commerce are used, and that requirement is satisfied in this case." *Id.* at 7–8.

The United States Constitution grants Congress the authority to "regulate Commerce with foreign Nations, and among the several States, and with Indian Tribes" and "[t]o make all laws which shall be necessary and proper for carrying into Execution the foregoing power." U.S. Const. art. I, § 8, cls. 3 & 18. In *United States v. Lopez*, the United States Supreme Court outlined three categories of activity that the Constitution allows Congress to regulate under its interstate commerce power: (1) "the use of the channels of interstate commerce," (2) "the instrumentalities of interstate commerce," and (3) "activities having a substantial relation to interstate commerce, i.e., activities that substantially affect interstate commerce." 514 U.S. 558–59 (1995).

The Fifth Circuit addressed an argument similar to Shannon's in *United States v. Bredimus*, where a defendant challenged his conviction under § 2423(b) on the ground that "Congress's regulation of sexual acts with a minor … has no substantial effect on interstate commerce." 352 F.3d 200, 205 (5th Cir. 2003). The Fifth Circuit rejected the argument because § 2423(b) deals specifically with "the use of channels of interstate commerce" rather than "activities having a substantial relation to interstate commerce." *Id.* For that reason, it held § 2423(b) constitutional. *Id.* at 208.

This Court sees no reason why the Fifth Circuit's determination in *Bredimus* that § 2423(b)—which criminalizes traveling in interstate commerce "with a motivating purpose of engaging in any illicit sexual conduct with another person"—would not apply with equal force to

5

§ 2423(a)'s prohibition on transporting a minor in interstate commerce with intent to engage in criminal sexual activity.

While Shannon argues that *Dobbs* ushered in a "'new era' of interstate Commerce Clause jurisprudence,"[5] the Court agrees with the government that *Dobbs*—which addressed whether the right to abortion is protected under the Due Process Clause of the Fourteenth Amendment[6]—does not alter the analysis of whether a statute is a proper exercise of Congress's power under the Commerce Clause. And because interstate commerce includes "[t]rade and other business activities between those located *in different states*"[7] without any requirement that there be a certain distance between the states, the proximity of Tennessee and Mississippi has no impact on Congress's authority to regulate interstate commerce. *See United States v. Gamez*, 553 F. App'x 430, 434 (affirming jury conviction under § 2423(b) where evidence showed defendant had "transported [victim] across state lines") (internal quotation marks omitted). Shannon's motion to dismiss Counts One through Four based on a Commerce Clause violation argument is properly denied.

## III
## Motion Two & Motion Three

Shannon contends Count One "is legally insufficient because it fails to state an essential element of 18 U.S.C. § 2423(a) and is impermissibly vague."[8] Doc. #75 at 2. He argues the "and elsewhere" language is vague because it "could simply be referring to the Southern District of Mississippi rather than a state other than Mississippi" and "[t]his is especially plausible because

---

[5] Doc. #73 at PageID 327.

[6] 142 S. Ct. at 2242.

[7] *Commerce*, BLACK'S LAW DICTIONARY (11th ed. 2019) (emphasis added).

[8] Shannon properly requests oral arguments on Motion Two, Motion Three, Motion Four, Motion Five, and Motion Six. *See* Docs. #74, #76, #78, #81, #83. The Court finds oral argument unwarranted for each such motion.

[he] is being charged for a crime defined specifically under the laws of Mississippi, thus indicating that any alleged criminal activity would have necessarily occurred *within* the state of Mississippi." *Id.* at 3. Assuming the "and elsewhere" language refers to another state, Shannon argues that "once [he] allegedly transported V.L. from the Northern District of Mississippi into another state, she could not have engaged in sexual activity for which a person could be charged in violation of Mississippi Code, Section 97-3-95(2)." *Id.* at 3.

As to Count Two, Shannon argues the indictment fails to provide a "plain, concise and definite written statement of the essential facts constituting the offense charged" because the "'could be charged' wording is subjective, hypothetical and in no way defines a crime under Tennessee law so as to serve as a critical and essential element of the alleged crime." Doc. #77 at 1–2. He also argues that despite the mention of Tennessee law in Count Two, "the courts of Tennessee have no legal authority to take cognizance of criminal conduct occurring outside of the State of Tennessee" and "[t]here is no allegation of any offense having been committed in Tennessee" such that the location where Count Two occurred is vague. *Id.* at 2.

The government responds that under 18 U.S.C. § 2423(a), it must "prove that a defendant (1) knowingly transported a minor in interstate commerce; (2) the minor was under the age of 18; and (3) the defendant intended to engage in criminal sexual activity with the minor;" and because Counts One and Two allege that Shannon "did knowingly transport in interstate commerce" "V.L., who had not attained the age of 18," "[w]ith the intent that V.L. would engage in sexual activity for which Shannon could be charged with a criminal offense," the indictment is sufficient as to those counts. Doc. #80 at 9–10. The government interprets Shannon's challenge to the "and elsewhere" language as an attack on venue and argues that "the indictment adequately alleges venue and the final determination of venue is a function of the jury." *Id.* at 10. It further asserts

7

that "[b]ecause an offense under § 2423(a) involves travel in interstate commerce, under § 3237(a), it is a continuing offense, and Shannon may be prosecuted in any district from, through, or into which he traveled in the commission of the crime." *Id.* at 11.

"The Federal Rules of Criminal Procedure require that the indictment be 'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Suarez*, 966 F.3d 376, 382 (5th Cir. 2020) (quoting Fed. R. Crim. P. 7(c)(1)). "To be sufficient, an indictment must 1) enumerate each *prima facie* element of the charged offense, 2) notify the defendant of the charges filed against him, and 3) provide the defendant with a double jeopardy defense against future prosecutions." *Id.* (cleaned up).

To the extent Shannon argues Counts One and Two are ambiguous as to where the crimes charged occurred and that he could not be charged with criminal activity under state law if the actions occurred outside that state, such argument is moot given the superseding indictment. As mentioned above, the superseding indictment clarified that Count One charges Shannon transported V.L. from Tennessee to Mississippi with the intent to engage in sexual activity for which he could be criminally charged in Mississippi, and Count Two charges Shannon transported V.L. from Mississippi to Tennessee with the intent to engage in sexual activity for which he could be criminally charged in Tennessee. Doc. #85 at PageID 403–04.

Regarding whether the indictment provides a "plain, concise, and definite written statement of the essential facts," the Fifth Circuit's decision in *Bredimus* is again instructive. There, the Fifth Circuit recognized that § 2423(b) "criminalizes crossing state (or international) lines with a criminal intent, without requiring the commitment of any further criminal act." 352 F.3d at 207. Thus "the substantive criminal act at issue … is not … a sexual act with a juvenile. Instead, Section 2423(b) punishes the travel with the intent to commit such an act itself." *Id.* at 208.

Applying the Fifth Circuit's reasoning in *Bredimus*, § 2423(a) does not criminalize the sexual act itself but rather the transporting of a minor with the intent to commit a criminal sexual act. The elements for such offense are:

> (1) [the defendant] knowingly transported the person named in the count of the indictment in interstate commerce; (2) at the time of the transportation the person named in the indictment was less than 18 years of age; and (3) at the time of the transportation, [the defendant] intended that person would engage in sexual activity for which he could be charged with a crime.

*United States v. Gamez*, 553 F. App'x 430, 432–33 (5th Cir. 2014) (recognizing jury instructions given to defendant charged under § 2423(b) actually listed the elements of § 2423(a)). The state statutes referenced merely provide the criminal act the government alleges Shannon intended to commit. Count One alleges that (1) Shannon "did knowingly transport in interstate commerce … V.L.;" (2) V.L. "had not attained the age of 18;" and (3) Shannon intended that V.L. would engage in a sexual activity for which he could be charged for sexual battery under Mississippi law. Doc. #32 at PageID 95. Similarly, Count Two alleges that (1) Shannon "did knowingly transport in interstate commerce … V.L.;" (2) V.L. "had not attained the age of 18;" and (3) Shannon intended V.L. would engage in a sexual activity for which he could be charged with sexual battery under Tennessee law. *Id.* at PageID 95–96. Thus, both Counts One and Two enumerate the *prima facie* elements of the charged offense. *Suarez*, 966 F.3d at 382. Because they also notify Shannon of the charges filed against him and provide him with a double jeopardy defense against future prosecutions, *see* Doc. #32, the indictment is sufficient as to Counts One and Two. So the motions to dismiss Counts One and Two on insufficiency and vagueness grounds are properly denied.

## IV
## **Motion Four**

Shannon argues "Count Four does not provide information sufficient enough for [his] counsel to discern exactly what laws [he] is alleged to have violated, violating [his] Fifth and Sixth Amendment rights under the United States Constitution and requiring dismissal." Doc. #79 at 1–2. Specifically, he argues that 18 U.S.C. § 2423(f), which is referenced in Count Four, "does not contain language specifically defining 'illicit sexual conduct,' but does refer the reader to 'Section 2246' for a definition of 'a sexual act;'" § 2423(f)(1) also references 18 U.S.C. § 2241, which "contains a number of sexual crimes against children;" "[t]hose crimes … include the language 'with intent' … and 'knowledge;'" and "[t]here is no such allegation of intent or knowledge contained in Count Four of this Indictment, representing a failure to enumerate each prima facie element of the charged offense." *Id.* at 2–3. The government responds that there is no ambiguity because the "statute criminalizing the conduct alleged is not an element, only a means of proving intent." Doc. #80 at 16. The Court agrees.

Section 2423(b) criminalizes traveling in interstate commerce "with a motivating purpose of engaging in any illicit sexual conduct." *See Bredimus*, 352 F.3d at 207. Count Four alleges Shannon "did travel in interstate commerce for the purpose of engaging in any illicit sexual conduct … with V.L., a minor between ages of fourteen (14) and sixteen (16) years of age." Doc. #32 at PageID 96. Because Count Four alleges Shannon traveled in interstate commerce with the intent of engaging in sexual activity with a minor, in violation of § 2423(b), it is sufficient to inform him and his counsel of the laws he is alleged to have violated. Motion Four will be denied as meritless.

## V
## Motion Six

In Motion Six,[9] Shannon "contends that the Statutes on which Counts One, Two, and Three of the Indictment in this case rest violate Article One, Section One of the United States Constitution" because they are "improper delegations of legislative power from the Legislative Branch of Government to the Executive Branch of Government." Doc. #84 at PageID 396. Specifically, he argues that the use of the language "any sexual activity for which any person **can be charged** with a criminal offense" in both § 2423(a) and § 2422(b) allows "[p]rosecutors without any Congressional guidance [to] determine what constitutes an offence with which defendant 'could be charged.'" *Id.* at PageID 397. Shannon further argues that "the language is impermissibly vague" because "[t]he phrase 'could be' is clearly subjunctive which places a federal judge in the position of making a determination as to what state and local prosecutors *could* do, and not what they have done." *Id.* at PageID 399.

The government responds that "some amount of delegation is unavoidable;" "[t]he modern test is whether Congress has provided an 'intelligible principle' to guide the agency's regulations;" and here, "[t]he Department of Justice is only left with the discretion to pinpoint a criminal sexual activity 'for which any person can be charged with a criminal offense'" such that "Congress has provided intelligible parameters to the law that the Department of Justice continues to follow." Doc. #87 at 6–7. As to Shannon's vagueness argument, the government asserts that "the Fifth Circuit has found Section 2422(b) to be constitutional under a Fifth Amendment vagueness challenge" and "'[c]riminal sexual activity' is not vague as an ordinary person would understand that it is illegal for an adult to have any sexual contact with a minor." *Id.* at 8, 10.

---

[9] Structurally, the Court decided it was more comprehensive to discuss Motion Six before addressing Motion Five.

> Article I of the Constitution provides that "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States." Accompanying that assignment of power to Congress is a bar on its further delegation. Congress, th[e United States Supreme] Court explained early on, may not transfer to another branch powers which are strictly and exclusively legislative. But the Constitution does not deny to the Congress the necessary resources of flexibility and practicality that enable it to perform its functions. Congress may obtain the assistance of its coordinate Branches—and in particular, may confer substantial discretion on executive agencies to implement and enforce the laws. In our increasingly complex society, replete with ever changing and more technical problems, th[e Supreme] Court has understood that Congress simply cannot do its job absent an ability to delegate power under broad general directives. So [it] ha[s] held, time and again, that a statutory delegation is constitutional as long as Congress lays down by legislative act an intelligible principle to which the person or body authorized to exercise the delegated authority is directed to conform.

*Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019) (cleaned up).

Here, despite Shannon's arguments to the contrary, it is not clear to this Court that Congress actually delegated any legislative function. "It is a bedrock principle of our system of government that the decision to prosecute is made … by officials in the executive branch. … As the Supreme Court has unanimously observed, the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) (internal quotation marks omitted) (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)). So it is always within the discretion of the executive branch—specifically prosecutors—to determine whether criminal charges could be brought against a defendant based on the available evidence. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."). And to the extent the "can be charged" language delegates additional discretion to prosecutors, it does so with "an intelligible principal to guide the

delegee's use of discretion"[10] because a plain understanding of the phrase requires that the conduct be criminal under either federal or state law.

Shannon's vagueness argument also fails. The indictment specifically lists the statutes under which Shannon "could be charged with a criminal offense" in each of the challenged counts. *See* Doc. #32 at PageID 95–97. The reference to the state statutes informs Shannon of the alleged "sexual activity" for which he "could be charged." *Id.* Motion Six will be denied.

## VI
## Motion Five

Shannon contends "[a]n inexcusable three-year pre-indictment delay from 2019 to 2022 prejudiced [him] and violated the Due Process Clause of the Fifth Amendment such that Counts One through Six of the Indictment should be dismissed." Doc. #82 at PageID 387. Shannon baldly represents that "[d]uring a recent discovery conference, it was revealed that the Government was made aware of the allegations against [him] in 2019 yet did not indict [him] until 2022" and "the Government has expressly admitted that over the course of those three years, digital evidence has been lost or otherwise destroyed due to the very nature of electronically stored materials and digital evidence." *Id.* at PageID 389. He argues "[t]he Government's delay resulted in actual and substantial prejudice to [him]" because he "cannot adequately defend himself, as he no longer has access to alleged digital evidence related to this matter" and the delay was the result of "an intentional decision not to make this a priority case, not to preserve evidence, and not to prosecute this case." *Id.* at 389–90. Alternatively, Shannon argues "[t]he Government should be precluded from offering any digital evidence because, in light of the loss or destruction of some alleged digital evidence in this case, it would be unfairly prejudicial to [him] to offer what digital evidence

---

[10] *Gundy*, 139 S. Ct. at 2123.

has been retained" as it "would not represent the entire picture of what allegedly transpired." *Id.* at PageID 390.

The government responds that Shannon "has not established any tactical advantage or any other bad faith motive on the part of the Government" and "[a]ny pre-indictment delay in this case was due to investigative delay." Doc. #87 at 2. It represents that "[t]he investigation that was initiated in 2019 is ongoing;" "the decision to indict was not made until 2022;" "the FBI has continued to investigate this matter even since [Shannon's] arrest in early 2022;" and "[a] part of [the] investigative delay was the intrusion of Covid-19." *Id.* The government argues that Shannon has not shown actual prejudice because "[v]ague assertions of lost witnesses, faded memories, or misplaced documents are insufficient to establish a due process violation from pre-indictment delay" and Shannon "presumably had access to the electronic evidence he now contends has been lost by the government." *Id.* at 3, 4. As to the alternative request that electronic evidence be excluded, the government argues such request is premature because it "has not put forth the information and exhibits it intends to introduce at trial." *Id.* at 5.

> To show that a pre-indictment delay violated the due process clause, a defendant must establish: (1) that the Government intended to delay obtaining an indictment for the purpose of gaining some tactical advantage over the accused or for some other bad faith purpose, and (2) that the improper delay caused actual, substantial prejudice to his defense.

*United States v. Scully*, 951 F.3d 656, 668 (5th Cir. 2020) (cleaned up). The defendant "bears the burden to show both the Government's bad faith and prejudice to the defendant." *United States v. Seale*, 600 F.3d 473, 480 (5th Cir. 2010).

Shannon has not presented any evidence to show the government acted in bad faith when determining when to indict him. As observed by the Supreme Court, "[r]ather than deviating from elementary standards of 'fair play and decency,' a prosecutor abides by them if he refuses to seek

14

indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt." *United States v. Lovasco*, 431 U.S. 783, 795 (1977). Consequently, "[t]he mere passage of time is insufficient to support a due process claim, even if the time lapse prejudiced the defense." *Seale*, 600 F.3d at 479.[11] In the absence of any evidence demonstrating the government acted in bad faith, Shannon has not carried his burden and dismissal based on his delay argument is not warranted.[12]

With respect to Shannon's alternative argument, the Court agrees with the government that "[a] determination at this point in the proceedings that Rule 403 prohibits introduction of any digital evidence skips over the determination that such evidence is relevant and unfairly prejudicial." Doc. #87 at 5. The Court declines to issue a broad order at this stage excluding *all* "digital evidence" based only on Shannon's bare assertions that unidentified corresponding evidence is no longer available.

## VII
## Conclusion

Shannon's motions to dismiss [72][74][76][78][81][83] are **DENIED**.

**SO ORDERED**, this 1st day of February, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[11] *Seale* dealt with an initial arrest in 1964 where the charges were dismissed without prejudice at the prosecutor's request in early 1965. 600 F.3d at 479. The defendant was not indicted until 2007—42 years later. The Fifth Circuit affirmed the decision denying dismissal because the delay was "investigative rather than tactical." *Id.* at 479–80.

[12] This conclusion renders it unnecessary "to inquire whether the prosecution's delay caused actual, substantial prejudice to [Shannon's] defense." *Id.* at 480.