IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:22-CR-10

ANDREUS SHANNON

**OPINION AND ORDER**

Andreus Shannon is charged in six counts with crimes involving the sexual enticement and transportation of a minor. Shannon moves to sever Counts Five and Six on arguments that a jury's consideration of the first four counts alleging transportation or sexual enticement of a minor will prejudice its consideration of Counts Five and Six alleging his threats to or intimidation of the same victim after she reached the age of majority. Because any such prejudice can be cured in other ways and because judicial economy weighs against two trials, severance will be denied.

**I
Procedural History**

On February 16, 2022, a grand jury charged Andreus Shannon with various crimes in a six-count indictment.[1] Doc. #32. Specifically:

- Count One charges that from 2011 through March 2014, Shannon "did knowingly transport in interstate commerce an individual who had not attained the age of 18, being V.L., with the intent that V.L. engage in sexual activity with [him], for which sexual activity [he] could be charged with a criminal offense" under Mississippi law, "[i]n violation of Title 18, United States Code, Section 2423(a)." *Id.* at PageID 95.

- Count Two charges that from 2011 through March 2014, Shannon "did knowingly transport in interstate commerce an individual who had not attained the age of 18, being V.L., with the intent that V.L. engage in sexual activity with [him], for which sexual activity [he] could be charged with a criminal offense" under Tennessee law, "[i]n violation of Title 18, United States Code, Section 2423(a)." *Id.* at PageID 95–96.

---

[1] A criminal complaint against Shannon was filed earlier alleging "Enticement of a Minor," "Transport of a Minor for Illicit Sexual Purpose," "Mann Act violation," "Threatening Interstate Communications - Sextortion," and "Cyberstalking," "[o]n or about the dates(s) of 2011 to 2019." Doc. #1.

- Count Three charges that from 2011 through March 2014, Shannon "did knowingly use a facility or means of interstate commerce to persuade, induce, entice, and coerce a minor, V.L., … to engage in sexual activity with [him], for which sexual activity [he] could be charged with a criminal offense" under Mississippi law, "[i]n violation of Title 18, United States Code, Section 2422(b)." *Id.* at PageID 96.

- Count Four charges that from 2011 through March 2012, Shannon "did travel in interstate commerce for the purpose of engaging in any illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), with V.L., a minor between the ages of fourteen (14) and sixteen (16) years of age" "[i]n violation of Title 18, United States Code, Section 2423(b)." *Id.*

- Count Five charges that from 2014 through 2018, Shannon "did knowingly transmit in interstate commerce via the internet, communications containing threats to injure the reputation [of] V.L" by threatening to distribute "sexually explicit images and videos of V.L. to individuals who knew V.L. and on the internet if V.L. refused to meet [his] demands, including engaging in a sexual relationship with [him]," "[i]n violation of Section 875(d) of Title 18 of the United States Code." *Id.* at PageID 96–97.

- And Count Six charges that from 2014 through 2018, Shannon "did knowingly and intentionally, with intent to harass and intimidate another person, use an electronic communication service to engage in a course of conduct that caused, attempted to cause and would be reasonably expected to cause substantial emotional distress to V.L.," "[i]n violation of Title 18, United States Code, Section 2261A(2)(B)." *Id.* at PageID 97.

The government filed a superseding indictment against Shannon on December 6, 2022. Doc. #85. The superseding indictment charges Shannon with the same crimes in the same counts as the original indictment but adds information to clarify that Count One involves transporting V.L. "from Tennessee to Mississippi" and Count Two involves transporting V.L. "from Mississippi to Tennessee." *Id.* at PageID 403–04. Doc. #85.

On March 20, 2023, Shannon filed "Defendant's Motion to Sever Indicted Offenses Five and Six."[2] Doc. #97. The government responded in opposition on March 30, 2023. Doc. #99. Shannon did not reply.

---

[2] The motion to sever mentions both the original indictment and the superseding indictment but does not specify if it is directed to just one or both. Because Shannon's arguments apply with equal force to the original indictment and the superseding indictment, the Court considers the motion to sever as directed towards both.

2

## II
## Standard

Generally, a motion to sever requires a court to undertake two distinct inquiries: (1) whether initial joinder was proper under Rule 8 of the Federal Rules of Criminal Procedure; and (2) if initial joinder was proper, whether severance should be granted under Rule 14(a). *See United States v. McRae*, 702 F.3d 806, 820–22 (5th Cir. 2012).

### A. Federal Rule of Criminal Procedure 8(a)

Under Rule 8(a), "[a] district court may join separate offenses in the same indictment if the offenses are of the same or similar character, based on the same act or transaction, or connected with or parts of a common scheme or plan." *United States v. Huntsberry*, 956 F.3d 270, 287 (5th Cir. 2020). "Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *Id.* (quoting *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995)).

Courts apply one of two tests to determine whether counts are of a same or similar character. 1A Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure* § 144 (5th ed. 2020). "Some courts take a categorical approach, comparing the types of crimes charged rather than the temporal or evidentiary overlap between the offenses." *Id.* "Other courts take a broader approach to the issue, considering not only the elements of the offenses, but also the temporal proximity of the crimes, the physical location of the acts, and the overlap in evidence." *Id.* While it appears the Fifth Circuit has not expressly adopted either test,[3] its precedent seems to follows the categorical approach. *See, e.g.*, *United States v. Fortenberry*, 919 F.2d 923, 926 (5th Cir. 1990) (count charging transportation of undeclared firearm was of "same or similar character" to count charging possession of unregistered firearm because both counts were "weapons

---

[3] *United States v. Vavra*, No. 20-cr-65, 2020 WL 1941301, at *3 (W.D. Tex. Apr. 22, 2020).

violation[s]").

## B. Federal Rule of Criminal Procedure 14

Even if multiple counts are properly joined under Rule 8(a), the district court can sever them under Rule 14, which provides that "[i]f the joinder of offenses … in an indictment … for trial appears to prejudice a defendant … , the court may order separate trials of counts … or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). However, even where potential prejudice is shown, "Rule 14 does not require severance." *Zafiro v. United States*, 506 U.S. 534, 538 (1993). "[R]ather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 539.

The defendant bears the burden of showing "clear prejudice" to merit severance based on Rule 14. *United States v. Welch*, 656 F.2d 1039, 1053 (5th Cir. 1981). If shown, such prejudice must outweigh the government's interest in judicial economy, *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994); and must be incurable through jury instructions or other means, *Welch*, 656 F.2d at 1054. "The defendant must show something more than the fact that a separate trial might offer him a better chance of acquittal." *Ballis*, 28 F.3d at 1408 (internal quotation marks omitted). "No prejudice inures to the defendant where a severance of counts would not result in a segregation of evidence." *Id.* at 1408–09.

## III
## Analysis

### A. Federal Rule of Criminal Procedure 8(a)

The Court first must determine whether the charges against Shannon were properly joined under Rule 8(a)—specifically, whether "the offenses are of the same or similar character, based on the same act or transaction, or connected with or parts of a common scheme or plan." *Huntsberry*, 956 F.3d at 287.

4

Shannon does not challenge initial joinder of the counts under Rule 8. The government submits that although the "charges have distinctly separate elements," they are properly joined because "all charges carry a common concern of sexual abuse and exploitation of the same person" and "involve one victim," "are of similar character," and "constitute parts of a common scheme or plan." Doc. #99 at 3. According to the government, "[t]he first four Counts allege violations based on [Shannon's] intent that the transported minor would engage in criminal sexual activity," and "Counts 5 and 6 allege that [Shannon] intended to cause substantial harm and extort something of value from V.L. – sexual encounters when V.L. was an adult." *Id.*

Though the charges against Shannon have some distinct elements, the Court agrees they were properly joined. The charges in all six counts are of the same or similar character because they all concern Shannon's alleged transportation, enticement, and/or intimidation of V.L. for sexual activity or sexual exploitation.[4] *See United States v. Littlejohn*, 33 F. App'x 81, 82 (4th Cir. 2002) (no abuse of discretion by district court in denying motion to sever charges of "aggravated sexual abuse" against an adult victim from "counts of engaging in a sexual act with a[] … minor").

### B. Federal Rule of Criminal Procedure 14

Having found joinder proper under Rule 8(a), the Court must determine whether Shannon has met his burden of showing that a trial of Counts Five and Six with Counts One through Four will result in clear prejudice against him that outweighs the government's interest in judicial economy and that cannot be cured, whether through jury instructions or other means. *Ballis*, 28 F.3d at 1408; *Welch*, 656 F.2d at 1053–54.

---

[4] Based on the nature of the charges against Shannon, it also could be argued that the charges in Counts Five and Six are connected with a common scheme as that charged in the other counts—that Shannon engaged in the conduct charged in Counts Five and Six for the purpose of a sexual relationship with V.L., which began with his transportation, enticement, and coercion of V.L. as a minor with the intent to engage her in sexual activity.

### 1. Clear prejudice

Shannon contends "a joint trial of the indicted offenses would result in substantial prejudice to [him]" because, according to him: (1) Counts One through Four constitute "'highly inflammatory' type evidence" because V.L. was under the age of majority at the time of the acts leading to Counts One through Four; (2) the evidence giving rise to Counts One through Four "will have an overwhelming spillover effect into the separate, independent, and distinct proof that is required to present to the jury as to Counts Five and Six," which are founded on acts when V.L. "had reached the age of majority and was a consenting adult;" and (3) this "spillover effect" "will undoubtedly cause the jury to effectively merge its consideration of whether the Government has carried its burden on each of the indicted counts into one, which violates [his] constitutional rights of due process and reduces the Government's burden of proof." Doc. #98 at 3, 4.

The government counters that the "highly inflammatory" nature of "the evidence presented to support the first four counts … is not enough to sever the counts." Doc. #99 at 4. Rather, the government argues, Shannon must demonstrate "a 'serious risk that a joint trial would compromise a specific trial right … or prevent the jury from making a reliable judgment about guilt or innocence,'" which he has not done because he has not demonstrated he would face "'compelling, specific, and actual prejudice' from a joint trial on all counts." *Id.* (quoting *Zafiro*, 506 U.S. at 539, and *United States v. Saadey*, 93 F.3d 669, 678 (6th Cir. 2005)). It also argues that even if Counts Five and Six were severed, evidence of the acts leading to Counts One through Four still likely would be admissible in that trial because "the evidence [Shannon] seeks to exclude from the jury's consideration is cross-admissible for all Counts under Federal Rule of Evidence 413."[5] Doc.

---

[5] The government clarifies that it "is not moving for determination of admissibility under Rule 413 at this time. Rule 413 is only mentioned so that the Court is aware that the 'prejudice' the defendant seeks to hide from would likely follow him under the Rules of Evidence." Doc. #99 at 5 n.2.

6

#99 at 5.

Given the nature of the charges in Counts One through Four, some of the evidence related to those counts could to some extent prejudice Shannon as to Counts Five and Six. But prejudice alone does not require the Court to sever the counts under Rule 14. *Zafiro*, 506 U.S. at 538; *see* Fed. R. Crim. P. 14 ("If the joinder of offenses in an indictment … appears to prejudice a defendant or the government, the court may order separate trials of counts … *or* provide any other relief that justice requires.") (emphasis added). And because this Court concludes below that any such prejudice does not outweigh the government's interest in judicial economy and can be addressed by other means, Shannon has not met his burden of showing clear prejudice. *See United States v. Reed*, 908 F.3d 102, 116 (5th Cir. 2018) ("[T]he mere presence of a spillover effect does not ordinarily warrant severance.").

Regardless, under Federal Rule of Evidence 413, "[i]n a criminal case in which a defendant is accused of an offense of sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." The government correctly notes that the Fifth Circuit has found Rule 413 to apply even when a defendant has not been convicted of the other sexual assault sought to be admitted. *See* Doc. #99 at 5 (citing "*United States v. Guidry*, 456 F.3d 493, 502 (5th Cir. 2006) (finding no conviction necessary for introduction of evidence of defendant's commission of another sexual assault under Federal Rule of Evidence 413)"). Against this authority, Shannon's arguments of clear prejudice cannot sustain for this additional reason.

### 2. Judicial economy

Shannon does not address judicial economy in his motion. The government argues judicial economy weighs in favor of a joint trial—specifically, that separate trials would involve repetitive

7

testimony from witnesses, including the victim, and "would be antithetical to the Crime Victim's Rights Act['s]" provisions "that a victim has the right to be 'reasonably protected from the accused,' the right to 'proceedings free from unreasonable delay,' and the right 'to be treated with fairness and with respect for the victim's dignity and privacy.'" Doc. #99 at 6 (quoting 18 U.S.C. § 3771(a)(1), (7), and (8)). The government also argues two trials would delay justice and force the victim to "recount memories and abuses suffered more than once." *Id.*

Because Shannon did not address judicial economy[6] and because the Court concludes that multiple issues would arise from multiple trials (including delay, repetition, and impact on the victim), Shannon has not met his burden of showing that any prejudice a joint trial would cause him outweighs the government's interest in judicial economy.

### 3. Curing any prejudice

Shannon argues the prejudice caused by Counts Five and Six being tried with Counts One through Four cannot be cured by a jury instruction and "[t]o ask that a jury ignore the allegations related to [his] conduct with the alleged victim as a minor child when considering allegations related to [his] contact with the alleged victim as an adult would … be 'ask[ing] human beings to act with a measure of dispassion and exactitude well beyond mortal capabilities.'" Doc. #98 at 4, 5 (quoting *United States v. Mitchell*, No. 3:13-cr-128-L, 2013 U.S. Dist. LEXIS 138149, at *14 (N.D. Tex. Sept. 26, 2013)). The government responds that "a limiting instruction that advises a jury to consider '[e]ach count, and the evidence pertaining to it' separately" will sufficiently cure any prejudice caused by a joint trial of all counts, particularly since "juries are generally presumed to follow their instructions.'" Doc. #99 at 6 (quoting 5th Cir. Pattern Jury Instrs. 1.23 (2019 ed.)

---

[6] *See United States v. Hankton*, 51 F.4th 578, 609 (5th Cir. 2022) (no abuse of discretion when the defendant's "only mention of judicial economy on appeal [was] a conclusory assertion that '[c]oncerns of judicial economy … do not outweigh [a] direct infringement on a defendant's fundamental due process right to present a complete defense'").

8

and *United States v. Hickerson*, 489 F.3d 742, 746 (5th Cir. 2007)).

The government is correct that juries are generally presumed to follow the instructions given to them at trial. *Hickerson*, 489 F.3d at 746. This case would be no different. Consequently, Shannon has not shown any prejudice a joint trial will cause could not be cured by limiting instructions (or other ways), which also means he has not met his burden of proving severance is necessary.

### C. Summary

Because Shannon has failed to show clear prejudice that outweighs the government's interest in judicial economy and that any such prejudice could not otherwise be cured, his motion to sever will be denied.[7]

## IV
## Conclusion

Shannon's motion to sever [97] is **DENIED**.

**SO ORDERED**, this 16th day of June, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[7] The motion to sever includes a request for oral argument based on Shannon's assertion "that the factual issues raised in [his] supporting Memorandum, the evidence that the Government will likely seek to introduce and the overwhelmingly prejudicial effect of the two should be heard by the Court and would allow the Court to ask questions of the parties to fully understand the issues raised herein." Doc. #97. Given the extensive arguments in the parties' submissions on the motion to sever and that the Court's decision on the severance issues is based on the *charges* against Shannon (since no evidence was presented by either party), the Court concludes oral argument is not warranted.