IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                NO. 3:22-CR-10

ANDREUS SHANNON

### ORDER

The trial date in this case is currently set for October 21, 2024.[1] Doc. #160. On September 11, A. C. Wharton, Jr., filed an "Amended Motion to Withdraw as Counsel and to Set Status Conference" ("Amended Withdrawal Motion").[2] Doc. #167.

The next day, Wharton, Jr., and Alexander C. Wharton ("Defense Counsel") jointly filed an "Unopposed Motion to Withdraw as Counsel" ("Unopposed Withdrawal Motion") asking the Court "to allow them to withdraw from any further representation of [Andreus Shannon]." Doc. #172. As cause, they represent:

> That, over the past four (4) months, the[ir] ability to confer and relay pertinent information to [Shannon] has steadily declined. [Shannon] has expressed concerns about the[ir] efforts in representing him and providing advice based upon the discovery in this matter. It appears that the attorney-client relationship is effectively broken, as the "trust" in the[ir] advice to and advocacy for [Shannon] is now questioned by [Shannon]. [Shannon] agrees that there has been a breakdown in the communication.
>
> That [they] have conferred with [Shannon] about this Motion and their intent to seek the Court's permission to withdraw. [Shannon] has no opposition to this Motion based upon statements he made to the Court at a telephonic status conference held on September 12, 2024.
>
> That [they] have considered the interests of [Shannon] and do not believe, based upon the rules of professional responsibility, that [Shannon] will be prejudiced by

---

[1] The immediately prior trial date was May 13, 2024. Doc. #140. However, based on the government's motion "requesting a trial continuance of at least 12 weeks," the trial date was continued to October 21, *see* Doc. #159, after the parties advised the Court that they had agreed to (and were available for) trial on that date.

[2] Wharton, Jr.'s initial motion to withdraw filed on September 10 was denied for failure to comply with Local Rule 83.1. Doc. #166.

> this Motion in light of the basis of this motion. Moreover, any prejudice can be cured with a brief continuance of the trial in the matter rather than denying this Motion and forcing [them] to proceed with representing [Shannon] at trial.

*Id.* at 2–3 (paragraph numbering omitted). Defense Counsel also represent that the government has no opposition to the motion. *Id.* at 3. Notably, the motion is signed by Shannon indicating his consent to the relief requested. *Id.* at 4.

Local Criminal Rule 44.1 instructs that the "[a]dmission and conduct of attorneys in criminal cases shall be governed by Rule 83.1 of *The Uniform Civil Rules of the Northern and Southern Districts of Mississippi*." Local Civil Rule 83.1 provides:

> When an attorney enters an appearance …, he or she must remain as counsel of record until released by formal order of the court. An attorney may be released only on motion signed by the client(s) or upon a duly noticed motion to all parties, including the client and presented to the judicial officer to whom the case is assigned, together with a proposed order authorizing counsel's withdrawal.

L.U. Civ. R. 83.1(b)(3).

Having considered the reasons for withdrawal stated in the Unopposed Withdrawal Motion, the discussions during the Court's September 12 status conferences with the parties, and Shannon's consent to Defense Counsel's withdrawal, the Court concludes that withdrawal is both warranted and appropriate. Accordingly:

1. The Unopposed Withdrawal Motion [172] is **GRANTED**. Defense Counsel are **DIRECTED** to serve on Shannon a copy of this order and file with the Court a certificate of service stating the date of service on Shannon. Once such certificate of service is filed, Defense Counsel are deemed released from any obligation to further represent Shannon in this case.

2. The Amended Withdrawal Motion [167] is **DENIED as moot**.

3. Within thirty days of the date Defense Counsel serves the certificate of service on Shannon, Shannon must retain new counsel and have his new counsel enter an appearance in this

case on his behalf.[3]

4. Because the Court concludes that the ends of justice served by continuing the trial date to allow Shannon to secure new counsel outweigh the best interest of the public and Shannon in a speedy trial, trial is continued to Monday, December 2, 2024. The delay from this date until the commencement of such trial shall be excluded from all computations relative to the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A).

**SO ORDERED**, this 12th day of September, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] If Shannon believes that he meets the financial eligibility requirements to be appointed counsel and wishes to be appointed counsel, he must complete and return a financial affidavit.